IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON EUGENE DEOCAMPO,

    Plaintiff,                      No. CIV S-09-3076 EFB

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                ORDER
_____/

    Plaintiff has filed a motion to remand under sentence six of 42 U.S.C. § 405(g). Dckt. No. 16. Defendant opposes the motion. Dckt. No. 17. For the reasons explained below, the motion is denied.

    Remand is appropriate under sentence six only if there is new evidence that is material and good cause for the late submission of the evidence. *Bruton v. Massanari*, 268 F.3d 824, 8927 (9th Cir. 2001). New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation marks and citations omitted) (emphasis omitted). The burden is on the plaintiff to demonstrate materiality. *See id.* ("[f]or this court to order a remand, [claimant] must show that there is new evidence that is material").

1

The new evidence at issue here is an August 4, 2009 VA decision finding that plaintiff was disabled "due to post-traumatic stress disorder, depressive disorder, herniated disc in the lower back, and chrondromalacia left knee, and these disabilities prevent[ed him] from working." Dckt. No. 15-1 at 4. The ALJ had issued his decision finding that plaintiff was not disabled on March 24, 2009. AR at 9. The Appeals Council denied review on September 9, 2009. *Id.* at 5. Plaintiff then requested reopening and changing of the decision based on the VA decision. *Id.* at 2. On December 11, 2009, the Appeals Council denied plaintiff's request, finding that although the VA decision was new, it was not material. *Id.* The Appeals Council stated that the evidence "would not warrant a change in the findings made in the hearing decision" because "a determination made by the DVA that you are not 'disabled' is not binding on us." *Id.* at 2. The Appeals Council wrote:

> The determination finds that you were 'disabled' for DVA purposed [sic] back to July 22, 2008. However, the ALJ reviewed the DVA records that were part of the record before him, and opinion by Dr. Schneider, a medical source at the DVA and did not find that Dr. Schneider's opinion was persuasive or that you have a severe mental impairment given the evidence provided in the DVA treatment notes. No additional treatment notes from the DVA were provided with the determination and no reference to specific treatment notes was given in the determination to support its conclusions.

*Id.* at 3.

The ALJ had all of the medical evidence that the VA relied upon before him at the time of his decision. *See* Dckt. No. 16 at 10 (the VA relied "on the same medical records as were reviewed by the ALJ" but determined that "the severity of Deocampo's pain in his neck, back and knee and his issues of PTSD and depression were much worse than the ALJ determined"); Dckt. No. 17 at 3 ("The Appeals Council noted correctly that the VA relied on the same evidence as the ALJ considered."). The ALJ merely reached a different determination than the VA.

The question, then, is whether there is a reasonable probability that the ALJ would have found that plaintiff was disabled if he had considered the VA's determination (but no new

medical evidence) in making his decision.

A VA disability determination is entitled to great weight unless an ALJ gives "persuasive, specific, valid reasons . . . supported by the record" for not giving it great weight. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("although a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision"). It is established that at least in some circumstances, an ALJ may reject a VA determination of disability where it is based on a doctor's opinion that the ALJ has rejected for specific, legitimate reasons supported by evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694–95 (9th Cir. 2009) (finding the above where the ALJ also "benefited from the opinions of the agency psychologists, evidence of Valentine's work history and post-retirement activities, and the input of the vocational expert," and the VA did not have access to this evidence).

Here, the ALJ gave multiple reasons for rejecting VA doctors' opinions, and plaintiff has not argued that these reasons were not specific or legitimate or were unsupported by the evidence. *See* AR at 16-17 (giving Dr. Schneider's opinion that plaintiff suffered from PTSD and depressive disorder "no weight" because "it is inconsistent with the treating evidence," plaintiff's daily activities were not as limited as Schneider opined, and plaintiff only saw Schneider for three months; giving Dr. Mahmoud's physical capacities evaluation "no weight" because the assessment "is so extreme as to be implausible" and the physical limitations were not supported by objective findings; finding that Dr. Hill's PTSD diagnosis was based on false statements made by plaintiff).

As noted above, it is plaintiff's burden to show that there is a reasonable probability that the VA's determination would have changed the outcome of the ALJ's decision. Here, the ALJ had previously provided reasons for rejecting much of the evidence that the VA relied upon. Plaintiff does not explain why the VA determination itself, in the absence of new medical evidence, might have changed the ALJ's mind. Plaintiff has not shown that the VA

1   determination constitutes material evidence.

2      In accordance with the above, IT IS HEREBY ORDERED that:

3      1. Plaintiff's motion to remand under sentence six is denied.

4      2. Within 30 days of the date of this order, plaintiff shall file a motion for summary
5   judgment and/ or remand.

6      3. Within 30 days after the plaintiff's motion for summary judgment and/or remand is
7   served, defendant shall file any opposition, including cross-motions.

8      4. Within 14 days thereafter, plaintiff's opposition and reply, if any, shall be filed.

9   DATED: July 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4