IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON EUGENE DEOCAMPO,

Plaintiff, No. CIV S-09-3076 EFB

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant. ORDER

______________________________/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons discussed below, the court denies plaintiff's motion for summary judgment and grants the Commissioner's motion for summary judgment.

I. Factual and Procedural Background

Plaintiff filed an application for supplemental security income on August 22, 2006, alleging that he had been disabled since March 28, 2003. Administrative Record ("AR") 11. His application was denied initially and on reconsideration. *Id.* On March 25, 2008, a hearing was held before administrative law judge ("ALJ") Thomas P. Tielens. *Id.* at 19. Plaintiff was represented by non-attorney Dennis Contreras at the hearing, at which plaintiff and vocational

expert ("VE") Malcolm Brodzinsky testified. *Id.* at 11.

On March 24, 2009, the ALJ issued a decision finding that plaintiff was not disabled.[1] *Id.* at 19. The ALJ made the following specific findings:

> 1. The claimant has not engaged in substantial gainful activity since August 22, 2006, the application date (20 CFR 416.971 *et seq.*).
>
> . . .
>
> 2. The claimant has the following severe impairments: (1) degenerative disc disease of the lumbar spine and low pack pain, status post fracture of the left pars at L5 in March 2003 (Exhibits 14F/19, 13F/6; mild stenosis at L5-S1, 12F, Exhibit 13F/4; stable lumbar spine on 08/19/2005); (2) chronic neck pain (Exhibit 13F/5: minimal abnormality on 08/18/2005); and (3) bilateral knee pain and left knee chondromalacia, status post arthroscopic surgery in March 2007 (Exhibit 16F/5: "normal variant;" 13F/9 "anatomic variant;" 11F/13-16; 18F/9: "no continued pain," as of 08/28/2008) (20 CFR 416.921 *et seq.*).
>
> . . .

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id*.

> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the criteria of any section of the Listing of Impairments at 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except requires a sit/stand option; occasional climbing, stooping, kneeling, crouching and crawling; and simple, repetitive tasks, due to pain and the possible side effects of medications.
>
> . . .
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> . . .
>
> 6. The claimant was born on..., 1969, and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> . . .
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since August 22, 2006, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 13-19.

Plaintiff requested that the Appeals Council review the ALJ's decision, but on March 24, 2009, the Appeals Council denied review. Plaintiff then requested that the Appeals Council reopen the decision, based on an August 4, 2009 Department of Veteran Affairs finding that plaintiff was permanently and totally disabled. Dckt. No. 15-1 at 2. On December 11, 2009, the Appeals Council denied this request, finding that the VA decision was not material new evidence, "as it would not warrant a change in the findings made in the hearing decision." AR 1.

The Appeals Council's decision stated, "This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security." *Id.*

Plaintiff then filed this action. He filed a motion for remand under sentence six of 42 U.S.C. § 405(g), arguing that the August 2009 VA disability finding constituted new and material evidence. This court found that plaintiff had not met his burden of showing that there was a reasonable probability that the VA's determination would have changed the outcome of the ALJ's decision, and denied the motion for remand. The parties then filed cross-motions for summary judgment, which are pending before the court.

II. Standard of Review

The Commissioner's decision that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

////

III. Analysis

Plaintiff argues that his case should be remanded under sentence four of 42 U.S.C. § 405(g) for payment of benefits or, in the alternative, for further proceedings, based on the VA's determination that plaintiff was disabled. The court has already addressed the VA disability determination in a different posture in the context of plaintiff's motion for remand under sentence six of 42 U.S.C. § 405(g). *See* Dckt. No. 22. Under that sentence, this court may remand a case "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The court's previous order explains why the VA decision does not constitute new, material evidence warranting remand.

Plaintiff now argues that because the VA's decision was issued soon after the ALJ's decision, and a VA determination of disability is ordinarily entitled to great weight in a social security disability case, the case should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). As explained above, the court's sole task is to review the final decision of the Commissioner–here, the ALJ's decision[2]–to ensure that it is free of legal error and supported by substantial evidence. *See Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d at 973.

Plaintiff does not explain how the ALJ's decision is legally erroneous or not supported by substantial evidence. Plaintiff notes that the VA found that he had "moderate to severe PTSD and depressive disorder related to a personal assault from police" and "chronic low back pain from a herniated disc, with forward flexion limited to 15 degrees" and "chronic left knee pain

[2] Because the Appeals Council declined to reopen the ALJ's decision based on the VA's disability determination, the ALJ's decision is the final decision of the Commissioner. This court does not have jurisdiction to review the Appeals Council's decision not to reopen the ALJ's decision. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977).

related to chondromalacia patella." Dckt. No. 15-1 at 4. But the ALJ specifically found that plaintiff's PTSD diagnosis was based on false statements made by the plaintiff,[3] and accounted for plaintiff's low back pain and knee pain in assessing his RFC. *See* AR 14-16. Although the ALJ's decision does not specifically discuss a 15 degree forward flexion limitation, the ALJ credited the opinion of a doctor who opined that "the clinical examination did not support claimant's allegation with respect to the low back pain." *Id.* at 15. Thus, while the ALJ's decision is inconsistent with the VA decision, the differences between the decisions do not show that the ALJ's decision is legally erroneous or not supported by substantial evidence.

The authority cited in plaintiff's brief does not support the proposition that the mere existence of a VA finding of disability, issued soon after the ALJ's decision of non-disability, warrants reversing an otherwise error-free decision. The first case plaintiff cites, *Howard v. Apfel*, is not controlling authority, and is not persuasive in this case because the plaintiff in *Howard* was denied due process during the agency procedures, and the case involved two inconsistent decisions by the Social Security Administration, rather than inconsistent Social Security and VA disability decisions. 17 F. Supp.2d 955 (W.D. Mo. 1998).

The second case plaintiff cites, *Luna v. Astrue*, also involves two inconsistent decisions by the Social Security Administration. 623 F.3d 1032 (9th Cir. 2010). In addition, in *Luna*, the Commissioner agreed that the case should be remanded pursuant to sentence six of 42 § U.S.C. 405(g), and the sole dispute between the parties was whether the remand should be for payment of benefits or for further administrative proceedings. *Id.* at 1034. The Ninth Circuit held that remand for further proceedings and consideration of the factual issues was appropriate because there was a reasonable possibility that the second decision granting benefits was based on new evidence not considered by the first ALJ. *Id.* at 1034-35. As explained in this court's denial of

[3] The ALJ wrote: "Claimant appears to be exaggerating the incident with the police . . . . To get his PTSD diagnosis, he told Dr. Nicole Hill, psychiatrist at the VA, that he saw the police shoot his friend . . . . However, at the hearing, he testified that there was no shooting. He denies telling the psychiatrist that there was a shooting." AR 16.

plaintiff's motion for remand pursuant to sentence six, in this case the parties do not argue that the VA determination of disability was based on new or different evidence than the ALJ's decision. Therefore, the authority plaintiff cites does not support reversing the Commissioner's decision.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE